JUDGE SEIBEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 5320

---

TELEBRANDS CORP.,

               Plaintiff,

      v.

OCEAN STATE JOBBERS, INC.,

               Defendant.

Civil Action No. _____

---

## COMPLAINT

Plaintiff Telebrands Corp., for its Complaint against Defendant, Ocean State Jobbers, Inc., alleges as follows:

### THE PARTIES

1. Telebrands Corp. ("Telebrands") is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, NJ 07004. Telebrands is a leading marketer and seller of consumer products through direct response and retail channels. Two of Telebrands' products are the subject of this action, namely, an ultra-thin, crush-resistant, lightweight aluminum wallet designated by the trademark ALUMA WALLET, and a portable, dryer lint vacuum cleaner attachment designated by the trademark LINT LIZARD. Telebrands owns various intellectual property rights in connection with these products.

2. Upon information and belief, defendant Ocean State Jobbers, Inc. ("Ocean State") is a corporation organized and existing under the laws of the State of Rhode Island and having a principal place of business in N. Kingstown, RI, and operates a retail store at 1551 Rt. 52 Fishkill, NY 12524.

1

3.   On information and belief, Ocean State has sold or sells an "ultra slim indestructible aluminum wallet" ("Infringing Wallet") and a portable, dryer lint vacuum cleaner attachment ("Infringing Lint Cleaner") which infringe various intellectual property rights of Telebrands and which have been or are sold by Ocean State in a manner which constitutes false advertising (collectively, "Infringing Products").

## NATURE OF CLAIMS, JURISDICTION AND VENUE

4.   This action arises under the Trademark and Unfair Competition laws of the United States (15 U.S.C. §§ 1052 *et seq.*), the Copyright laws of the United States (17 U.S.C. § 101 *et seq.)* and under the common and statutory laws of the State of New York (N.Y. Gen. Bus. Law §350, §360).

5.   Jurisdiction of this Court is founded upon 15 U.S.C. §§ 1121(a) and 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a) and (b), and the pendent jurisdiction of this Court.  The matter in controversy exceeds $75,000, exclusive of interest and costs.

6.   Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b)(1), (b)(2) and (c), and 1400(a).

7.   On information and belief, Ocean State has committed acts of copyright and trade dress infringement and unfair competition in this Judicial District.

8.   On information and belief, Ocean State is subject to personal jurisdiction in this Judicial District because it has purposefully engaged in activities giving rise to claims for copyright and trade dress infringement and unfair competition which were directed at the residents of New York in this Judicial District.

9.   On information and belief, Ocean State voluntarily placed the Infringing Products into the stream of commerce, conscious that New York and this Judicial District were the likely destination

of a substantial quantity of the Infringing Products.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Telebrands' ALLUMA WALLET Product.

10. Telebrands is a direct marketing company and, since 1987, has been engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, principally through direct response advertising and through national retail stores. Telebrands is one of the recognized leaders in the direct response television marketing industry. Telebrands' success is based in part by expending a large amount of money advertising products on television for direct response orders. The television advertising creates a heightened brand awareness and recognition of the product among consumers who then purchase the product in retail stores.

11. Telebrands markets a product known as ALUMA WALLET. The ALUMA WALLET product is an aluminum wallet designed to be ultra-slim, crush- and water-resistant and resistant to theft of personal identification information from RFID chips embedded in credit cards.

12. The ALUMA WALLET product is sold in packaging which has a distinctive and nonfunctional trade dress, as shown in the photographs attached as **Exhibit A**. The distinctive packaging is characterized at least by (a) the ALUMA WALLET product is displayed through a clear blister package; (b) the printed backing has white text on a grey and white background; (c) an image of a hand holding the wallet under a faucet of running water is displayed on the upper left portion of the package; (d) a raised section extends across the bottom of the blister package; (e) the raised section has a curved contour and displays an image of the wallet in an open position and print content which repeats the white-on-dark color scheme. The arrangement and combination of these elements is arbitrary and fanciful and constitutes valid trade dress, to which Telebrands possesses

exclusive rights ("ALUMA WALLET Trade Dress"). The packaging for the ALUMA WALLET product also includes the "As Seen On TV" logo, which refers to the substantial television advertising that Telebrands has run for this product.

13. The packaging for the ALUMA WALLET product represents a wholly original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under the Copyright Law of the United States. U.S. Copyright Registration No. VA 1-755-945 duly issued to Telebrands for the ALUMA WALLET packaging and is valid and subsisting, and a copy of the Certificate of Registration is attached as **Exhibit B**. Telebrands has duly marked the packaging with a copyright notice.

14. Following a substantial direct response television advertising campaign, Telebrands started shipping the ALUMA WALLET product in January 2011. Telebrands sells the ALUMA WALLET product through direct response channels to the general consuming public throughout the United States and within this Judicial District. Telebrands also sells the ALUMA WALLET product to consumers through major retailers, including Walgreens, CVS, Bed, Bath & Beyond and Target, throughout the United States and within this Judicial District.

15. Telebrands has expended substantial sums of money advertising and promoting the ALUMA WALLET product on television, on the Internet and in print, most of which features the distinctive ALUMA WALLET Trade Dress. As a result, Telebrands has sold more than ten million units of the ALUMA WALLET product in the United States, totaling more than $ 60 million in sales in only 2½ years. As a further result, the distinctive ALUMA WALLET Trade Dress has become well and favorably known to the purchasing public and widely recognized as indicating the source or origin of the ALLUMA WALLET product.

4

16. The ALUMA WALLET Trade Dress is arbitrary, fanciful, distinctive, non-functional and well-recognized as representing substantial goodwill of Telebrands throughout the United States, including in this Judicial District.

### Telebrands' LINT LIZARD Product.

17. Telebrands also markets a portable vacuum cleaner attachment designed to remove lint from narrow spaces in clothing dryers known as LINT LIZARD. The LINT LIZARD product is sold in packaging which has a distinctive and nonfunctional trade dress, as shown in the photographs attached as **Exhibit C**. The distinctive packaging is characterized at least by (a) the LINT LIZARD product is displayed in an image occupying the bottom portion of a generally square package and being used in an open clothing dryer with a vacuum cleaner in the foreground; (b) an oval inset on the left side of the image showing a representation of a vent fire crossed out with a red "X"; (c) an oval inset on the right side of the image showing a dust attachment; (c) the trademark LINT LIZARD displayed across the upper portion of the package; (d) a drawing of an animal displayed above the trademark; (e) a description of the product displayed across the top of the package; and (f) the "As Seen on TV" logo displayed to the right of the trademark. The arrangement and combination of these elements is arbitrary and fanciful and constitutes valid trade dress, to which Telebrands possesses exclusive rights ("LINT LIZARD Trade Dress"). The packaging for the LINT LIZARD product also includes the "As Seen On TV" logo, which refers to the substantial television advertising that Telebrands has run for this product.

18. The packaging for the LINT LIZARD product represents a wholly original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under the Copyright Law of the United States. U.S. Copyright Registration No. VA 1-800-246 duly issued to

Telebrands for the LINT LIZARD packaging and is valid and subsisting, and a copy of the Certificate of Registration is attached as **Exhibit D**. Telebrands has duly marked the LINT LIZARD packaging with a copyright notice.

19. Following a substantial direct response television advertising campaign, Telebrands started shipping the LINT LIZARD product in November 2011. Telebrands sells the LINT LIZARD product through direct response channels to the general consuming public throughout the United States and within this Judicial District. Telebrands also sells the LINT LIZARD product to consumers through major retailers, including Walgreens, CVS, Bed, Bath & Beyond and Target, throughout the United States and within this Judicial District.

20. Telebrands has expended substantial sums of money advertising and promoting the LINT LIZARD product on television, on the Internet and in print, most of which features the distinctive LINT LIZARD Trade Dress. As a result, Telebrands has sold more than 3 million units of the LINT LIZARD product in the United States, totaling more than $22 million in sales in about 19 months. As a further result, the distinctive LINT LIZARD Trade Dress has become well and favorably known to the purchasing public and widely recognized as indicating the source or origin of the LINT LIZARD product.

21. The LINT LIZARD Trade Dress is arbitrary, fanciful, distinctive, non-functional and well-recognized as representing substantial goodwill of Telebrands throughout the United States, including in this Judicial District.

### Defendant's Acts Of Infringement.

22. On information and belief, Ocean State operates "job lot" discount department stores by which it sells a wide variety of consumer goods at discounted prices. Ocean State conducts business

in interstate commerce by operating retail stores throughout the Northeast, including in Fishkill, New York, within this Judicial District.

23. Ocean State has sold an aluminum wallet in competition with Telebrands' ALUMA WALLET product. Ocean State has sold its aluminum wallet in packaging that is virtually identical to the packaging for Telebrands' ALUMA WALLET product. The Ocean State package displays photographs and text that are identical to those appearing on the ALUMA WALLET package. On information and belief, without authorization from Telebrands, Ocean State has obtained and distributed its aluminum wallet in packaging that is a copy of the copyrighted ALUMA WALLET packaging and which incorporates the elements of Telebrands' distinctive ALUMA WALLET Trade Dress. Photographs of Ocean State's aluminum wallet package, shown together with Telebrands' ALUMA WALLET package, are attached as **Exhibit E**.

24. Ocean State also has sold a portable vacuum cleaner attachment designed to remove lint from narrow spaces in clothing dryers, under the designation LINT EATER, in competition with Telebrands' LINT LIZARD product. Ocean State has sold its LINT EATER dryer attachment in packaging that is nearly identical to the packaging for Telebrands' LINT LIZARD product. The Ocean State package displays photographs and text that are identical to those appearing on the LINT LIZARD package. On information and belief, without authorization from Telebrands, Ocean State has obtained and distributed its LINT EATER product in packaging that is a copy of the copyrighted LINT LIZARD packaging and which incorporates the elements of Telebrands' distinctive LINT LIZARD Trade Dress. Photographs of Ocean State's LINT EATER package, shown together with Telebrands' LINT LIZARD package, are attached as **Exhibit F**.

25. On information and belief, Ocean State has discontinued selling the LINT EATER product.

7

However, Telebrands has been injured by Ocean State's sale of that product as set forth herein.

26. On information and belief, Ocean State does not advertise its aluminum wallet or LINT EATER products on television. However, the packaging for both products include a "Like Seen On TV" logo, which is a material statement that is expressly or impliedly false and is likely to deceive or mislead consumers into believing they are purchasing products that are advertised on television, and particularly products that are advertised on television by Telebrands.

27. By adopting and using Telebrands' ALUMA WALLET Trade Dress and copyrighted work, Telebrands' LINT LIZARD Trade Dress and copyrighted work, and the deceptive and misleading "Like Seen on TV" logo, and by trading on Telebrands' valuable goodwill, Ocean State has caused and is likely to cause confusion, mistake and deception of purchasers and potential purchases as to the source or origin of its aluminum wallet and vacuum cleaner attachment, and as to the existence of an association, connection, or relationship between Ocean State and Telebrands.

28. Upon information and belief, Ocean State's adoption of Telebrands' ALUMA WALLET Trade Dress and copyrighted work, and Telebrands' LINT LIZARD Trade Dress and copyrighted work, is deliberate and intentional and with full knowledge of Telebrands' rights, and have been undertaking in bad faith to unfairly compete with Telebrands.

29. Ocean State's actions have damaged and are likely to damage the superior reputation and goodwill of Telebrands.

30. Telebrands has been and is being irreparably injured and monetarily damaged by Ocean State's acts. Telebrands has no adequate remedy at law.

8

**COUNT 1 – FEDERAL UNFAIR COMPETITION BY TRADE DRESS INFRINGEMENT**

31. Telebrands repeats and realleges the allegations set forth in paragraphs 1-30 above, as though fully set forth herein.

32. This cause of action is for unfair competition by trade dress infringement and arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. By the acts alleged above, Ocean State has used in interstate commerce in connection with its goods, false designations of origin and false descriptions and representations which misrepresent the nature, characteristics and qualities of those goods, in violation of 15 U.S.C. § 1125(a).

34. Telebrands has been, is, and is likely to be irreparably damages by the use of such false designations of origin and false descriptions and representations, in an amount which cannot be determined without an accounting, and damage will continue unless defendant's acts are enjoined. Telebrands has no adequate remedy at law.

**COUNT 2 – COPYRIGHT INFRINGMENT**

35. Telebrands repeats and realleges the allegations set forth in paragraphs 1-30 above, as though fully set forth herein.

36. This cause of action is for copyright infringement and arises under Section 501 of the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

37. By the acts above alleged, Ocean State has infringed Telebrands' rights in U.S. Copyright Registrations Nos. VA 1-755-945 and VA 1-800-246.

38. Ocean State's acts are and have been without Telebrands' authorization or consent, and are and have been willful.

39. Telebrands has and is being damaged by such acts, and damage will continue unless Ocean

States' acts are enjoined. Telebrands has no adequate remedy at law.

### COUNT 3 – FALSE ADVERTISING

40. Telebrands repeats and realleges the allegations set forth in paragraphs 1-30 above, as though fully set forth herein.

41. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. On information and belief, Ocean State's use in commerce of the "Like Seen on TV" logo on the packaging for its aluminum wallet and LINT EATER product are false or misleading descriptions of fact which, in commercial advertising or promotion, misrepresent the nature, characteristics, and qualities of those goods.

43. Ocean State's false and misleading claims are material and are likely to deceive consumers.

44. On information and belief, as a result of Ocean State's false and misleading claims, sales of products have been diverted from Telebrands to Ocean State. Telebrands has suffered and will continue to suffer from loss. These injuries are irreparable.

### COUNT 4 – NEW YORK COMMON LAW UNFAIR COMPETITION

45. Telebrands repeats and realleges the allegations set forth in paragraphs 1-30 above, as though fully set forth herein.

46. This cause of action is for unfair competition and arises under the common law of the State of New York.

47. Ocean State's use of Telebrands' distinctive trade dress is likely to cause ordinary persons acting with reasonable care to mistake Ocean State's goods for those of Telebrands.

48. By its unfair competition and false designations or origin, Ocean State has unfairly competed with Telebrands by use of unfair and improper business practices, in violation of the common law of

the state of New York.

49.  Telebrands has and is being damaged by such acts, and damage will continue unless Ocean State's acts are enjoined.  Telebrands has no adequate remedy at law.

## COUNT 5 – NEW YORK STATUTORY UNFAIR COMPETITION

50.  Telebrands repeats and realleges the allegations set forth in paragraphs 1-30 above, as though fully set forth herein.

51.  This cause of action is for unfair competition and arises under N.Y. Gen. Bus. Law § 360-o.

52.  Ocean State's use of Telebrands' distinctive and well-known trade dress is likely to cause ordinary persons acting with reasonable care to mistake Ocean State's goods for those of Telebrands.

53. By its trade dress infringement, unfair competition, false designations of origin and false descriptions and misrepresentations, Ocean State has unfairly competed with Telebrands by use of unfair and improper business practices, in violation of N.Y. Gen. Bus. Law § 360-o.

54.  Telebrands has and is being damaged by such acts, and damage will continue unless Ocean State's acts are enjoined.  Telebrands has no adequate remedy at law.


**WHEREFORE**, Plaintiff demands judgment:

a.      Adjudging and decreeing that Defendant has unlawfully infringed Plaintiff's trade dress rights and infringed Plaintiff's copyrights;

b.      Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them:

(i)  from importing, distributing, advertising, promoting, selling, and/or offering for sale an aluminum wallet bearing the ALUMA WALLET Trade Dress or the copyrighted work

associated therewith, or any colorable imitation or variation thereof, unless the product emanates from or is authorized by Plaintiff;

(ii) from importing, distributing, advertising, promoting, selling, and/or offering for sale a dryer attachment bearing the LINT LIZARD Trade Dress or the copyrighted work associated therewith, or any colorable imitation or variation thereof, unless the product emanates from or is authorized by Plaintiff; and

(iii) from falsely representing or suggesting that representing that Defendant's goods are advertised on television when they are not, or are affiliated with, related to, or sponsored by Plaintiff or suggesting any connection with it;

c.        Requiring Defendant to pay its profits to Plaintiff, any damages sustained by Plaintiff as a result of Defendant's acts, and Plaintiff's costs for the action, and attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. §§ 504 and 505;

d.        Requiring Defendant to pay to Plaintiff statutory damages, pursuant to 17 U.S.C. § 504(c);

e.        Requiring that all product labels, signs, prints, packages, wrappers, receptacles, and advertisements of Defendant bearing Plaintiff's Trade Dress or copyrighted works, and any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, be delivered up to Plaintiff for destruction, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503;

f.        Requiring Defendant to pay to Plaintiff three times the amount of actual damages, and reasonable attorneys' fees, because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505; and

g.    Granting such other and further relief as this Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff Telebrands Corp. requests a trial by jury in this matter.

Respectfully submitted,

Dated: July 30, 2013                     COOPER & DUNHAM LLP

By:

Peter D. Murray (PM-6912)
Wendy E. Miller (WM-1982)
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525
pdmurray@cooperdunham.com
wmiller@cooperdunham.com

Attorneys for Plaintiff

13





# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

## VA 1-755-945

**Effective date of
registration:**

February 10, 2011

## Title
**Title of Work:** ALUMAWALLET Packaging

## Completion/Publication
**Year of Completion:** 2011

**Date of 1st Publication:** February 1, 2011     **Nation of 1st Publication:** United States

## Author
■   **Author:** Telebrands Corp.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant
**Copyright Claimant:** Telebrands Corp.

79 Two Bridges Road, Fairfield, NJ, 07004, United States

## Certification
**Name:** PETER D. MURRAY

**Date:** February 10, 2011

Page 1 of 1



Exhibit B-2



Exhibit B-3





Exhibit B-4



Exhibit B-5



Exhibit B-6





Exhibit B-7





# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-800-246**

**Effective date of registration:**

January 25, 2012

## Title

**Title of Work:** LINT LIZARD sell sheet and packaging

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** November 15, 2011    **Nation of 1st Publication:** United States

## Author

**■ Author:** Telebrands Corp.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Telebrands Corp.

79 Two Bridges Road, Fairfield, NJ 07004, United States

## Rights and Permissions

**Organization Name:** Cooper & Dunham LLP

**Name:** Peter D. Murray

**Email:** pdmurray@cooperdunham.com    **Telephone:** 212-278-0400

**Address:** 30 Rockefeller Plaza

New York, NY 10112  United States

## Certification

**Name:** Peter D. Murray

**Date:** January 25, 2012









Exhibit D-5







EXHIBIT E-1

EXHIBIT F-1







EXHIBIT F-2