# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., | ) |
| Plaintiff, | ) Case No.: 13-cv-5320 (CS) |
| v. | ) **JURY TRIAL DEMANDED** |
| OCEAN STATE JOBBERS, INC. | ) |
| Defendant. | ) |

## DEFENDANT OCEAN STATE JOBBERS, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM, and JURY DEMAND

Defendant/counterclaim-plaintiff Ocean State Jobbers, Inc. ("Defendant" or "OSJI"), by and through its undersigned counsel, responds to the Complaint filed by plaintiff/counterclaim-defendant Telebrands Corp. ("Plaintiff" or "Telebrands") as follows:

### The Parties[1]

1. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2. OSJI admits that it is a corporation organized and existing under the laws of the State of Rhode Island and has a principal place of business in North Kingstown, Rhode Island. OSJI denies that it operates a retail store at 1551 Rt. 52 Fishkill, New York 12524.

3. OSJI denies the allegations contained in Paragraph 3 of the Complaint.

### Nature of Claims, Jurisdiction and Venue

---

[1] OSJI incorporates the headings used in Plaintiff's Complaint for reference only and the use of such headings is not an admission by OSJI as to the truth or accuracy of those headings.

4. OSJI admits that this action purports to arise under the Trademark and Unfair Competition laws of the United States, the Copyright laws of the United States and under the common and statutory laws of the State of New York but OSJI expressly denies liability under any such laws.

5. OSJI admits that this Court has subject matter over the claims asserted in the Complaint. OSJI denies that the Court has personal jurisdiction over OSJI or that venue is proper in this Judicial District. OSJI is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6. OSJI denies the allegations contained in Paragraph 6 of the Complaint.

7. OSJI denies the allegations contained in Paragraph 7 of the Complaint.

8. OSJI denies the allegations contained in Paragraph 8 of the Complaint.

9. OSJI denies the allegations contained in Paragraph 9 of the Complaint.

**[Purported] Facts Common to All Claims For Relief**

10. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

11. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies the same.

12. OSJI denies the allegations of Paragraph 12 of the Complaint. To the extent that Paragraph 12 contains a description of the packaging for Plaintiff's "Aluma Wallet" product, the packaging speaks for itself.

13. OSJI denies the allegations of Paragraph 13 of the Complaint except OSJI is without knowledge or information to form a belief as to whether Telebrands marked the packaging of the "Aluma Wallet" product with a copyright notice and therefore denies the same.

14. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. OSJI denies that the purported "Aluma Wallet" trade dress is distinctive and/or widely recognized as indicating the source or origin of the "Aluma Wallet" product. OSJI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint and therefore denies the same.

16. OSJI denies the allegations contained in Paragraph 16 of the Complaint.

17. OSJI denies the allegations contained in Paragraph 17 of the Complaint. To the extent that Paragraph 17 contains a description of the packaging for Plaintiff's "Lint Lizard" product, the packaging speaks for itself.

18. OSJI denies the allegations contained in Paragraph 18 of the Complaint except OSJI is without knowledge or information to form a belief as to whether Telebrands marked the packaging of the "Lint Lizard" product with a copyright notice and therefore denies the same.

19. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20. OSJI denies that the purported "Lint Lizard" trade dress is distinctive and/or widely recognized as indicating the source or origin of the "Lint Lizard" product. OSJI is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint and therefore denies the same.

21. OSJI denies the allegations contained in Paragraph 21 of the Complaint.

**Defendant's [Purported] Acts of Infringement**

22. OSJI denies the allegations of Paragraph 22 of the Complaint.

23. OSJI denies the allegations of Paragraph 23 of the Complaint except admits that it has sold an aluminum wallet product. To the extent that Paragraph 23 contains a description of the packaging for OSJI's aluminum wallet product which it previously sold, the packaging speaks for itself.

24. OSJI denies the allegations of Paragraph 24 of the Complaint except admits that it has sold a portable vacuum cleaner attachment product designed to remove lint from clothing dryers under the trademark Lint Eater. To the extent that Paragraph 24 contains a description of the packaging for OSJI's portable vacuum cleaner attachment product which it previously sold, the packaging speaks for itself.

25. OSJI admits that it has discontinued the sale of the Lint Eater product in packaging referenced in Exhibit F of Plaintiff's Complaint. OSJI denies that it has discontinued selling a vacuum cleaner attachment product under the trademark Lint Eater. OSJI further denies that Plaintiff has been injured by the sale of the Lint Eater product.

26. OSJI admits that it does not sell its aluminum wallet or Lint Eater products on television and further admits that OSJI has, in the past, sold an aluminum wallet product and the Lint Eater product in packaging on which appears the phrase "Like Seen On TV." OSJI denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. OSJI denies the allegations contained in Paragraph 27 of the Complaint.

28. OSJI denies the allegations contained in Paragraph 28 of the Complaint.

29. OSJI denies the allegations contained in Paragraph 29 of the Complaint.

30. OSJI denies the allegations contained in Paragraph 30 of the Complaint.

**COUNT 1 – FEDERAL UNFAIR COMPETITION BY [ALLEGED] TRADE DRESS INFRINGEMENT**

31. OSJI repeats and realleges the admissions and denials set forth in Paragraphs 1-30 as though fully set forth herein.

32. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies same.

33. OSJI denies the allegations contained in Paragraph 33 of the Complaint.

34. OSJI denies the allegations contained in Paragraph 34 of the Complaint.

**COUNT 2 – [ALLEGED] COPYRIGHT INFRINGEMENT**

35. OSJI repeats and realleges the admissions and denials set forth in Paragraphs 1-34 above as though fully set forth herein.

36. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies same.

37. OSJI denies the allegations contained in Paragraph 37 of the Complaint.

38. OSJI denies the allegations contained in Paragraph 38 of the Complaint.

39. OSJI denies the allegations contained in Paragraph 39 of the Complaint.

**COUNT 3 – [ALLEGED] FALSE ADVERTISING**

40. OSJI repeats and realleges the admissions and denials set forth in Paragraphs 1-39 above as though fully set forth herein.

41. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies same.

42. OSJI denies the allegations contained in Paragraph 42 of the Complaint.

43. OSJI denies the allegations contained in Paragraph 43 of the Complaint.

44. OSJI denies the allegations contained in Paragraph 44 of the Complaint.

**COUNT 4 – [ALLEGED] NEW YORK COMMON LAW UNFAIR COMPETITION**

45. OSJI repeats and realleges the admissions and denials set forth in Paragraphs 1-44 above as though fully set forth herein.

46. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies same.

47. OSJI denies the allegations contained in Paragraph 47 of the Complaint.

48. OSJI denies the allegations contained in Paragraph 48 of the Complaint.

49. OSJI denies the allegations contained in Paragraph 49 of the Complaint.

**COUNT 5 – [ALLEGED] NEW YORK STATUTORY UNFAIR COMPETITION**

50. OSJI repeats and realleges the admissions and denials set forth in Paragraphs 1-49 above as though fully set forth herein.

51. OSJI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies same.

52. OSJI denies the allegations contained in Paragraph 52 of the Complaint.

53. OSJI denies the allegations contained in Paragraph 53 of the Complaint.

54. OSJI denies the allegations contained in Paragraph 54 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, defendant Ocean State Jobbers, Inc. prays that judgment be entered in its favor and against plaintiff Telebrands Corp. on all counts of the Complaint, along with an award of attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims for trademark and trade dress infringement are barred on the grounds that OSJI's activities do not result in a likelihood of confusion or in any deception, unfair competition or other harm with respect to Plaintiff's purported alleged rights.

### Second Affirmative Defense

Plaintiff's purported unregistered trade dress in its "Aluma Wallet" product packaging is not entitled to protection since, *inter alia*, the purported trade dress in that packaging is neither inherently distinctive nor has it acquired distinctiveness.

### Third Affirmative Defense

Plaintiff's purported unregistered trade dress in its "Aluma Wallet" product packaging is not entitled to protection since the packaging is, in whole or in part, functional.

### Fourth Affirmative Defense

Plaintiff's purported unregistered trade dress in its "Lint Lizard" product packaging is not entitled to protection since, *inter alia*, the purported trade dress in that packaging is neither inherently distinctive nor has it acquired distinctiveness.

### Fifth Affirmative Defense

Plaintiff's purported unregistered trade dress in its "Lint Lizard" product packaging is not entitled to protection since the packaging is, in whole or in part, functional.

### Sixth Affirmative Defense

Plaintiff's designs do not operate as a trademark or as an indicator of source of Plaintiff's goods.

### Seventh Affirmative Defense

Plaintiff's Lanham Act claims are preempted by 17 U.S.C. § 301 to the extent that such claims are predicated upon the alleged misappropriation of copyrightable subject matter.

**Eighth Affirmative Defense**

Plaintiff failed to give notice or otherwise comply with 15 U.S.C. §1111, and therefore is barred from recovering any profits or damages relating to the Lanham Act claims.

**Ninth Affirmative Defense**

Plaintiff's copyright infringement claims are barred under the doctrine of fair use as set forth in 17 U.S.C. § 107.

**Tenth Affirmative Defense**

Plaintiff's copyright infringement claims are barred to the extent that Plaintiff lacks valid copyright registrations alleged in the Complaint.

**Eleventh Affirmative Defense**

Plaintiff's copyright infringement claims are barred to the extent that the works Plaintiff claims have been infringed are not entitled to copyright protection on the grounds that they are within the public domain and/or do not constitute copyrightable subject matter.

**Twelfth Affirmative Defense**

Plaintiff's copyright infringement claims are barred by the doctrine of *scenes a faire*.

**Thirteenth Affirmative Defense**

OSJI acted in good faith and without any intent to infringe Plaintiff's rights or cause damage to Plaintiff; and if such good faith and lack of intent does not preclude liability, any general or statutory damages awarded to Plaintiff should be reduced accordingly.

**Fourteenth Affirmative Defense**

If Plaintiff suffered any damages, which OSJI denies, OSJI alleges that individuals or entities other than OSJI were careless and negligent in and about the matters alleged in the Complaint and that this carelessness and negligence proximately contributed to or caused any purported damages to Plaintiff; and should Plaintiff recover any damages, OSJI is entitled to have the damages reduced or eliminated to the extent that third parties contributed to or caused the damages.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred by their failure to mitigate damages.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches, acquiescence and/or estoppel.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eighteenth Affirmative Defense

OSJI reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Copyright Laws of the United States, all applicable trademark laws and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### COUNTERCLAIM

Defendant/counterclaim-plaintiff Ocean State Jobbers, Inc. ("OSJI"), by and through its undersigned counsel, pleads the following counterclaim against plaintiff/counterclaim-defendant Telebrands, Corp. ("Telebrands").

### Parties

1. OSJI is a Rhode Island corporation having its principal place of business at 375 Commerce Park Road, North Kingstown, Rhode Island 02852.

2. Upon information and belief, Telebrands is a New Jersey corporation having its principal place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

**Jurisdiction and Venue**

3. This counterclaim is for a declaratory judgment that Telebrands does not have valid and protectable trade dress rights in its "Aluma Wallet" and "Lint Lizard" packaging designs and, even in the unlikely event that it does, OSJI does not infringe any such trade dress rights.

5. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Telebrands has submitted to the personal jurisdiction of this Court.

6. OSJI asserts that venue is improper over Telebrands' affirmative claims against OSJI. To the extent that venue is proper in this judicial district, OSJI asserts venue pursuant to 28 U.S.C. §§ 1391 and 1400.

7. An actual controversy exists between Telebrands and OSJI by virtue of the allegations of Telebrands' Complaint in this action.

**COUNTERCLAIM**

**(Declaratory Judgment of No Trade Dress Rights)**

8. OSJI repeats and realleges each and every allegation of paragraphs 1-7 hereof.

9. Telebrands owns no valid trade dress rights in the "Aluma Wallet" packaging or the "Lint Lizard" packaging.

10. The purported trade dress in the "Aluma Wallet" packaging and "Lint Lizard" packaging is neither inherently distinctive nor has it acquired distinctiveness.

11. OSJI and its products have not infringed and are not infringing on any valid trade dress or trademark rights of Telebrands.

12. There is an actual, substantial and continuing justiciable controversy between OSJI and Telebrands regarding the alleged validity and enforceability of the "Aluma Wallet" and "Lint Lizard" packaging designs.

13. Upon information and belief, unless enjoined, Telebrands will continue to charge that OSJI has infringed or is infringing on Telebrands' purported trade dress rights in the "Aluma Wallet" and "Lint Lizard" packaging designs, and unless enjoined, Telebrands will continue to threaten, institute or prosecute litigation alleging such infringement. Upon information and belief, unless enjoined, the conduct of Telebrands will irreparably harm and will interfere with the ability of OSJI to sell its products.

14. To resolve the legal and factual questions raised by Telebrands, and to afford relief from the uncertainty and controversy that Telebrands' accusations have precipitated, OSJI is entitled to a declaratory judgment that OSJI has not infringed the "Aluma Wallet" and "Lint Lizard" packaging designs.

## PRAYER FOR RELIEF

WHEREFORE, defendant-counterclaim plaintiff Ocean State Jobbers, Inc. prays that judgment be entered in its favor and against plaintiff-counterclaim defendant, Telebrands Corp., as follows:

A. A declaration that OSJI has not and does not infringe any trade dress rights of Telebrands, has not committed any acts of unfair competition against Telebrands, and has not engaged in any deceptive trade practices against Telebrands;

B. That the Court permanently enjoin Telebrands and its agents from instituting, prosecuting or threatening any action alleging that OSJI, any of OSJI's customers or anyone else acting in concert with OSJI has or is infringing any trade dress rights of Telebrands or has or is

committing any acts of unfair competition against Telebrands or has or is engaging in deceptive trade practices by selling, offering for sale, manufacturing, distributing, advertising or importing any products;

  C. Dismissal of all of Telebrands' claims in their entirety with prejudice;

  D. A declaration that Telebrands take nothing by way of its Complaint;

  E. An order awarding OSJI its costs of this lawsuit;

  F. An order awarding OSJI its attorneys' fees and litigation expenses; and

  G. An order awarding such additional relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

OSJI demands a trial by jury on all issues so triable in this action.

Dated: December 10, 2013

Respectfully submitted,

By: s/ David B. Sunshine
David B. Sunshine (DS 0973)
Michael B. De Leeuw (MD 8479)
COZEN O'CONNOR, P.C.
277 Park Avenue
New York, New York 10172
Tel: (212) 883-4900
Fax: (212) 986-0604
Email: dsunshine@cozen.com

Attorneys for Defendant Ocean State Jobbers, Inc.

**CERTIFICATE OF SERVICE**

I, David B. Sunshine, hereby certify that, on December 10, 2013, I caused a true and correct copy of the foregoing DEFENDANT OCEAN STATE JOBBERS, INC.'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM, to be filed with the Court and served upon all counsel of record via ECF.

_____s/ David B. Sunshine_____